WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bruce W. Anderson, ) | No. CV05-1377 PHX-DGC |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| Suburban Teamsters of Northern Illinois ) Pension Fun Board of Trustees, ) | |
| Defendant. ) | |

As the result of a discovery conference call held on May 10, 2006, the Court ordered Defendants to provide the Court, *in camera*, with copies of documents withheld as privileged and work product. The Court also directed the parties to file memoranda on the applicability of the privilege and work product protections claimed by Defendants. Doc. #66. After receiving the parties' memoranda, the Court directed Defendants to provide additional briefing. Doc. #71. The Court has now reviewed the memoranda filed by the parties (Docs. ##67, 68) as well as the additional memorandum filed by Defendants in response to the Court's order (Doc. #73).

The Court has reviewed the documents submitted *in camera* by Defendants. They reflect communications between Defendants' employee Jose Collin and outside attorneys regarding Plaintiff's claim for benefits. The documents constitute attorney-client communications that occurred in anticipation of litigation.

The Ninth Circuit has noted that the attorney-client privilege is "perhaps, the most sacred of all legally recognized privileges, and its preservation is essential to the just and

1  orderly operation of our legal system." *United States v. Bauer*, 132 F.3d 504, 510 (9th Cir.
2  1997); *see also United States v. Mett*, 178 F.3d 1058, 1062 (9th Cir. 1999). The party
3  seeking to pierce the privilege bears the burden of showing that an exception exists. *Bauer*,
4  132 F.3d at 509.

5      Plaintiff makes three arguments in support of his request for disclosure of the
6  documents. The Court will consider them individually.

7      First, Plaintiff asserts that if the documents were prepared in anticipation of litigation,
8  then the Court should find as a matter of law that Defendants acted in bad faith in deciding
9  Plaintiff's claim. This argument misapprehends the nature of the work product protection
10  provided by Federal Rule of Civil Procedure 26(b)(3). The protection applies when litigation
11  is anticipated, whether desired or not. It does not require that Defendants planned to litigate
12  with Plaintiff, nor that Defendants believed their position untenable and that litigation
13  therefore was likely. Rather, if Defendants had a disagreement with Plaintiff and litigation
14  by Plaintiff was a possible outcome of the disagreement, then materials prepared in
15  anticipation of such litigation would be protected as attorney work product. The Court
16  cannot conclude that a party anticipating such litigation necessarily acts in bad faith.
17  Moreover, Plaintiff's bad faith argument goes to the ultimate merits of the decision to be
18  made in this case and not to the question of whether the documents in question are
19  discoverable.

20      Second, Plaintiff argues that if he is precluded from reviewing the privileged
21  documents, the Court in fairness should not apply an abuse of discretion standard to
22  Defendants' benefits decision. This argument also goes to the merits of the claim to be
23  decided in this case, not to the discoverability of the documents. Plaintiff will have an
24  opportunity to address the appropriate standard of review in this case.

25      Third, Plaintiff argues that the documents are not protected because of the fiduciary
26  exception to the attorney-client privilege. *See Petz v. Ethan Allen, Inc.*, 113 F.R.D. 494
27  (D.Conn. 1985). The Court does not agree. The documents withheld by Defendants and
28  reviewed by the Court *in camera* all concern Defendants' responses to Plaintiff's claims.

1  Courts have held that such communications do not fall within the fiduciary exception to the
2  privilege. *See Fischel v. Equitable Life Assurance*, 191 F.R.D. 606, 610 (N.D.Cal. 2000).
3      Plaintiff has not carried his burden of showing that the attorney-client privilege and
4  work product protections claimed by Defendants are invalid or should give way to his
5  discovery requests. The Court will not compel Defendants to disclose the documents
6  reviewed *in camera*.
7      DATED this 22nd day of June, 2006.

*David G. Campbell*
David G. Campbell
United States District Judge