**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bruce W. Anderson, ) | No. CV-05-1377-PHX-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Suburban Teamsters of Northern Illinois ) Pension Fund Board of Trustees, in its ) capacity as Administrator of the Suburban ) Teamsters of Northern Illinois Pension ) Plan; and Suburban Teamsters of Northern ) Illinois Pension Plan, ) | |
| Defendants. ) | |

Pending before the Court are the parties' motions for summary judgment. Dkt. ##31, 36. The parties have filed responses and replies to the motions. Dkt. ##53, 61-62, 64, 86-87. For the reasons set forth below, the Court will deny the motions and set forth procedures for a bench trial in this matter.[1]

**I.   Background.**

The Suburban Teamsters of Northern Illinois Pension Fund ("Fund") is a multi-employer benefit trust fund maintained under the Taft-Hartley Act. The Fund is administered by Defendant Suburban Teamsters of Northern Illinois Pension Fund Board of Trustees ("Trustees") pursuant to the Suburban Teamsters of Northern Illinois Pension Plan ("Plan"). Administration of the Plan is governed by the Employee Retirement Income Security Act

---

[1] The Court will deny the request for oral argument because it will not aid the Court's decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

1  ("ERISA"), 29 U.S.C. § 1001 et seq.

2      Plaintiff began working in employment covered by the Plan in 1986. Plaintiff worked
3  continuously until June 1996, when he suffered an on-the-job injury while working for T.J.
4  Lambrecht Construction. Plaintiff began receiving workers' compensation shortly after his
5  injury and was laid off in November 1996.

6      Plaintiff and his spouse divorced in 1999. On August 16, 1999, an Illinois state court
7  issued a domestic relations order regarding the disposition of retirement benefits Plaintiff had
8  accrued under the Plan. The Trustees received a copy of the order and found it to be a
9  "qualified" domestic relations order ("QDRO") under ERISA.

10      In July 2001, Plaintiff worked 15 days as a truck driver for B&M Construction.
11  Plaintiff worked 36 days as a truck driver for Kenneth Hartman from August through
12  October 2001. Plaintiff's employment during this time period was covered by the Plan.

13      Plaintiff applied for Social Security disability benefits in December 2002. Plaintiff
14  claimed in his application that he had become disabled in December 1996. The Social
15  Security Administration found Plaintiff to be disabled as of June 1, 1997.

16      Plaintiff informed the Fund in August 2003 that he had become disabled on June 1,
17  1997, and that he wanted to receive disability pension benefits under the Plan. The Trustees
18  approved Plaintiff's application in part on or about April 21, 2004. The Trustees determined
19  that Plaintiff had become disabled on November 1, 2001 and that, effective September 1,
20  2003, Plaintiff would receive a monthly benefit of $443.43 for the remainder of his life.
21  Plaintiff appealed the Trustee's decision on November 5, 2004. The Trustees denied
22  Plaintiff's appeal on November 23, 2004.

23      Plaintiff commenced this action by filing a complaint against Defendants on
24  May 10, 2005. Dkt. #1. Plaintiff seeks to recover and enforce his rights to Plan benefits
25  under ERISA, 29 U.S.C. § 1132(a)(1)(B). *Id.* at 1. Specifically, Plaintiff alleges that the
26  Trustees partially denied his application by erroneously finding that he became disabled on
27  November 1, 2001, rather than June 1, 1997, and by implementing the QDRO in violation
28  of Plan procedures. *Id.* ¶¶ 3, 9. Plaintiff seeks an order compelling Defendants to compute

1 benefits based on a June 1, 1997 disability date, implement the QDRO in accordance with
2 Plan procedures, and pay back benefits to the date of his application. *Id.* at 2-3.

## II. Summary Judgment Standard.

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Only disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Summary judgment may be entered against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## III. Standard of Review.

De novo review is the default standard for a plan administrator's denial of benefits. *See Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869, 875 (9th Cir. 2004). But where a plan grants the administrator discretionary authority to determine eligibility for benefits or construe the terms of the plan, a court reviewing a denial of benefits generally will apply an abuse of discretion standard. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

In *Atwood v. Newmont Gold Co.*, 45 F.3d 1317 (9th Cir.1995), the Ninth Circuit held that in cases where the plan administrator has both discretion under the plan and an apparent conflict of interest, de novo review applies if the plan participant comes forward with "material, probative evidence, beyond the mere fact of the apparent conflict, tending to show that the fiduciary's self interest caused a breach of the administrator's fiduciary obligations to the beneficiary." 45 F.3d at 1321-23. If the plan participant does not come forward with such evidence, abuse of discretion review applies and the administrator's conflict is not considered by the reviewing court. *Id.* at 1323.

The Ninth Circuit, sitting en banc, recently overruled *Atwood* and adopted an approach to ERISA cases that "more accurately reflects the Supreme Court's instructions in *Firestone*." *Abatie v. Alta Health & Life Ins. Co.*, No. 03-55601, 2006 WL 2347660, at *9 (9th Cir. Aug. 15, 2006). *Abatie* holds that when a plan grants the administrator discretion and the administrator actually exercises such discretion, the default de novo review standard shifts to an abuse of discretion standard even if the administrator has a conflict of interest. *Id.* at *5-13 (citing *Firestone*, 489 U.S. at 115). The conflict of interest (and any minor procedural irregularities) become factors to consider in the abuse of discretion review. *Id.* at *7-14. *Abatie* also holds, however, that when a plan administrator engages in a flagrant violation of plan or ERISA administrative procedures, such a violation can amount to a failure to exercise discretion, making de novo review appropriate. *Id*. at *11-13.

The holding in *Abatie* and the parties' arguments and pleadings require the Court to address three issues: (1) whether the terms of the Plan granted the Trustees discretion to determine eligibility for benefits or construe the terms of the Plan, (2) whether the Trustees actually exercised such discretion, and, if so, (3) whether the Trustees had a conflict of interest. The Court will address each of these issues separately.

### A.   Did the Plan Grant the Trustees Discretion?

Plaintiff does not dispute that the Plan granted the Trustees discretion to interpret the terms of the Plan and, in most cases, determine eligibility for benefits. Dkt. #36 at 2. Article 15 of the Plan provides:

> All questions or controversies of whatsoever character arising in any manner or between any parties or persons in connection with this Plan or its operation, whether as to any claim for benefits [or] as to the construction of the language of this Plan[,] . . . shall be submitted to the Board of Trustees or their delegates for decision. . . . The decision on review shall be binding upon all persons dealing with the Plan or claiming any benefit hereunder, except to the extent that such decision may be determined to be arbitrary or capricious by a court or arbitrator having jurisdiction over such matter.

Dkt. ##38 Ex. B, 79 Ex. A § 15.04(c).

"There are no 'magic' words that conjure up discretion on the part of a plan administrator." *Abatie*, 2006 WL 2347660 at *5. The Ninth Circuit has repeatedly held,

- 4 -

however, that "similar plan wording – granting the power to interpret plan terms and to make final benefits determinations – confers discretion on the plan administrator." *Id.* (citations omitted). Moreover, the "arbitrary and capricious" standard referenced in the Plan is the same as the "abuse of discretion" standard. *See Barnett v. Kaiser Found. Health Plan, Inc.*, 32 F.3d 413, 415 (9th Cir. 1994). The Court thus concludes that the Plan unambiguously granted the Trustees discretionary authority. *See Abatie*, 2006 WL 2347660, at *6 ("By giving the plan administrator 'full and final' authority, and vesting such authority 'exclusively' in the administrator, this policy clearly gave to the plan administrator the power to decide according to its own judgment. Under *Firestone*, the common meaning of 'discretion,' our own precedents, and persuasive precedents of other circuits, this provision is sufficient to vest discretion in the plan administrator."). Accordingly, under *Firestone*, abuse of discretion review applies if the Trustees actually exercised discretion consistent with the Plan and ERISA. *Id.* at *12.

### B. Did the Trustees Exercise Discretion?

ERISA requires plan administrators to follow certain procedures when processing and deciding participants' claims. *See Abatie*, 2006 WL 2347660 at *12 (citing 29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1). "[A]n administrator's failure to comply with such procedural requirements ordinarily does not alter the standard of review." *Id.* at *12 (citing *Gatti v. Reliance Standard Life Ins. Co.*, 415 F.3d 978, 985 (9th Cir. 2005)). Where a procedural irregularity is minor, the "irregularity, like a conflict of interest, is a matter to be weighed in deciding whether an administrator's decision was an abuse of discretion." *Id.* at 13. But where "an administrator engages in wholesale and flagrant violations of the procedural requirements of ERISA, and thus acts in utter disregard of the underlying purpose of the plan as well, [courts] review de novo the administrator's decision to deny benefits." *Id.* This is so because "decisions taken in wholesale violation of ERISA procedures do not fall within an administrator's discretionary authority." *Id.* (citing *Firestone*, 489 U.S. at 111).

Plaintiff argues that Defendants violated ERISA's procedural requirements because the Trustees decided both Plaintiff's initial claim and his subsequent appeal and failed to

- 5 -

1 consult with an independent health care professional on appeal. Dkt. #36 at 2 (citing Dkt. #38 ¶¶ 53 & 58, Ex. O; 29 C.F.R. § 2560.503-1(h)(3)-(4)). Defendants contend that "[n]othing in the record suggests that the Trustees' review fell short of the de novo standard." Dkt. #53 at 2.

ERISA provides that "every employee benefit plan shall . . . afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2); *see* 29 C.F.R. § 2560.503-1(h)(1) (same). To afford participants a reasonable opportunity for a full and fair review, a plan must provide for a "review that does not afford deference to the initial adverse benefit determination and that is conducted by an appropriate named fiduciary of the plan who is neither the individual who made the adverse benefit determination that is the subject of the appeal, nor the subordinate of such individual." 29 C.F.R. § 2560.503-1(h)(2), (3)(ii), (4). The plan also must "[p]rovide that, in deciding an appeal of any adverse benefit determination that is based in whole or in part on a medical judgment, . . . the appropriate named fiduciary shall consult with [an appropriate] health care professional . . . who was [not] consulted in connection with the adverse benefit determination that is the subject of the appeal[.]" 29 C.F.R. § 2560.503-1(h)(3)(iii)-(v), (4).

In this case, the Plan provides the following with respect to initial claim decisions and the right of review:

> No Participant, spouse, or Beneficiary shall be eligible for a benefit hereunder until his right thereto and the form thereof shall have been finally determined *by the Trustees*. . . . If the Trustees determine that the Participant, spouse, or Beneficiary is not eligible for such benefit, a written denial setting forth the specific reasons for failure to meet the conditions of eligibility and specifying the procedure for any request for review by a claimant shall be provided by the Trustees to the Participant, spouse, or Beneficiary. Upon written request of the Participant, spouse, or Beneficiary, *the Trustees* shall afford the Participant, spouse, or Beneficiary a full and prompt review of such denial.

Dkt. ##38 Ex. B, 79 Ex. A § 15.04(a) (emphasis added). By these terms, the Plan provides that both initial claims and appeals are to be decided by the Trustees. *Id.* The undisputed evidence shows that, consistent with the terms of the Plan, the Trustees decided both Plaintiff's initial claim and his appeal. Dkt. ##38 ¶¶ 53 & 58; *see* Dkt. ##54, 79

Exs. Q-R, W-X.[2] The fact that the Trustees may have conducted a de novo review of their initial decision does not satisfy ERISA's "full and fair" review requirement because ERISA requires a de novo review by an appropriate named fiduciary who did not make the initial decision. *See* 29 C.F.R. § 2560.503-1(h)(3)(ii), (4). Moreover, in reviewing Plaintiff's claim on appeal the Trustees afforded deference to their initial decision and failed to consult with an independent health care professional. Dkt. #79 Exs. W-X. Plaintiff was thus not afforded a full and fair review as required by ERISA. *See* 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1(h)(2)-(4); *see also Derksen v. CNA Group Life Assurance Co.*, No. Civ.04-3411 (MJD/SRN), 2005 WL 354278, at *11-12 (D. Minn. Nov. 8, 2005) ("The Court finds that CNA's failure to have an independent health care professional review the record on appeal was a serious procedural irregularity that resulted in the Plan administrator's breach of fiduciary duty. . . . Without this independent evaluation, there was no full and fair review of Derkson's claim.") (citing 29 C.F.R. § 2560.503-1(h)(3)-(4)); *Steinberg v. R.R. Maint. & Indus. Health & Welfare Fund*, No. 03 C 4539, 2004 WL 1151619, at *4 (N.D. Ill. April 13, 2004) ("Fund submitted [the patient's] records for a second review to the same company that reviewed those records the first time around, and the same medical director signed off on both reviews. That is really insufficient to call the second review 'independent' or to meet the requirements of full and fair review."); *Crespo v. UNUM Life Ins. Co. of Am.*, 294 F. Supp. 2d 980, 994-97 (N.D. Ill. 2003) (holding that UNUM did not make a full and fair assessment of Crespo's claim where UNUM did not contact any of Crespo's treating physicians to discuss its concerns and did not submit Crespo's medical records for an independent examination).

Plaintiff contends that the Trustees' failure to provide Plaintiff a full and fair review constitutes a flagrant procedural violation of ERISA. Dkt. #36 at 2. As explained below, the

---

[2] Defendants contend that the decisions were not, in fact, made by the same body because when the initial claim was decided at the April 21, 2004 Trustees meeting, a quorum of the Trustees was not present. Dkt. #53 at 12. Defendants do not dispute, however, that the April 21 decision was ratified at the next official meeting of the Trustees. *See id.*; Dkt. #79 Ex. Q.

1 Court concludes, under *Abatie*, that the Trustees' procedural violations were not sufficiently 2 flagrant to constitute a failure to exercise discretion and require de novo review.

3 In *Abatie*, the administrator added a new reason on appeal for denying the 4 participant's claim, which precluded the participant from responding to that rationale for 5 denial. 2006 WL 2347660, at *15. The Ninth Circuit held that this constituted a denial of 6 the full and fair review required by ERISA. The Ninth Circuit explained that "a review of 7 the reasons provided by the administrator allows for a full and fair review of the denial 8 decision, [as] required under ERISA." *Id.* (citing 29 U.S.C. § 1133). "[A]n administrator 9 that adds, in its final decision, a new reason for denial, a maneuver that has the effect of 10 insulating the rationale from review, contravenes the purpose of ERISA." *Id.* The Ninth 11 Circuit held, nonetheless, that the administrator's failure to provide Abatie with a full and fair 12 review was not sufficiently flagrant to constitute a failure to exercise discretion and shift the 13 review standard to de novo. *Id.* at *13.

14 Here, the undisputed evidence shows that the Trustees exercised discretion in 15 determining Plaintiff's initial claim and considered Plaintiff's objections on appeal. *See* Dkt. 16 #79 Exs. Q-R, V-X. Thus, while the Trustees failed to provide Plaintiff with a full and fair 17 review of his claim in the manner required by ERISA, it cannot be said that they failed to 18 exercise their discretion. *See Abatie*, 2006 WL 2347660 at *13-15. This case presents the 19 "ordinary situation in which a plan administrator has exercised discretion but, in doing so, 20 has made procedural errors." *Id.* at *13; *cf. Blau v. Del Monte Corp.*, 748 F.2d 1348, 1353 21 (9th Cir. 1984), *abrogation on other grounds recognized by Dytrt v. Mountain State Tel. &* 22 *Tel. Co.*, 921 F.2d 889 n.4 (9th Cir. 1990) (finding a failure to exercise discretion where the 23 administrator had kept the plan details secret from the participants, offered them no claims 24 procedure, and flouted the reporting, disclosure, and fiduciary obligations of ERISA). As 25 in *Abatie*, the Trustees' procedural errors were not sufficiently flagrant to shift the standard 26 of review to de novo. The Court accordingly will apply an abuse of discretion standard, but 27 will consider the Trustees' procedural errors in deciding whether they abused their discretion.

28

1 *Id.* at 15.[3]

2     **C.    Did the Trustees Have a Conflict of Interest?**

3     An employer or insurer that "acts as both the plan administrator and funding source for benefits operates under what may be termed a structural conflict of interest." *Abatie*, 2006 WL 2347660 at *7 (citing *Tremain v. Bell Indus., Inc.*, 196 F.3d 970, 976 (9th Cir. 1999)). In this case, it is undisputed that the Trustees are the administrators of both the Fund and the Plan. Dkt. #79 ¶¶ 1-3, Ex. A § 1.03. It thus appears that the Trustees have a structural conflict of interest.

    Defendants contend that no conflict exists because the Fund is a multi-employer benefit trust fund maintained under the Taft-Hartley Act. Dkt. #53 at 2 (citing *Jones v. Laborers Health & Welfare Trust Fund*, 906 F.2d 480 (9th Cir. 1990); *Martinez v. Dist. 1199J Nat'l Union of Hosp. & Health Care Employees*, 280 F. Supp. 2d 342 (D.N.J. 2003)). The Ninth Circuit held in *Jones* that no conflict existed because the board of trustees consisted of both management and union employees. 906 F.2d at 481. The district court in *Martinez* found no conflict because the trustees had no personal economic interest in the decisions to deny or award benefits since the fund at issue was a non-profit trust fund. 280 F. Supp. 2d at 353.

    In this case, Defendants have presented no evidence that any of the Trustees who decided Plaintiff's claim were union employees or that the Trustees had no personal economic interest in the decision to deny or approve Plaintiff's claim. The Court is thus

---

[3] Plaintiff contends that the Trustees also violated ERISA's procedural requirements by failing to timely decide his claim and by providing him with the wrong application forms. Dkt. ##36 at 4-5, 62 at 6-7. The evidence, construed in Plaintiff's favor, shows that the Trustees and Plaintiff engaged in an ongoing dialogue and exchange of information from the time he sought benefits in August 2003 until the denial of his appeal in November 2004. *See* Dkt. #79 ¶¶ 82-85, 101-13, 117-33. These additional alleged procedural violations were, at most, minor, and are not sufficient to alter the standard of review. *See Abatie*, 2006 WL 2347660 at *13 ("When an administrator can show . . . an ongoing, good faith exchange of information between the administrator and the claimant, the court should give the administrator's decision broad deference notwithstanding a minor irregularity.") (citations omitted).

1  unable to determine on the record before it that the Trustees had no conflict of interest when
2  they decided Plaintiff's claim.

3  **IV.  Additional Evidence.**

4  The Ninth Circuit stated in *Abatie* that if "the administrator did not provide a full and
5  fair hearing, as required by ERISA, 29 U.S.C. § 1133(2), the [reviewing] court must be in
6  a position to assess the effect of that failure and, before it can do so, must permit the
7  participant to present additional evidence."  2006 WL 2347660, at *14.  The Court will
8  consider at least two categories of additional evidence.

9  First, the Court will "consider evidence outside the administrative record to decide the
10 nature, extent, and effect on the decision-making process of any conflict of interest[.]"
11 *Abatie*, 2006 WL 2347660, at *11.

12 Second, a statement of attending physician Dr. Rinely Aguiar was submitted to the
13 Trustees in support of Plaintiff's initial claim for disability benefits.  Dkt. #38 Ex. N.
14 Dr. Aguiar opined that Plaintiff had become totally and permanently disabled as of June 1,
15 1997, citing Plaintiff's medical notes and records.  *Id.*  The Trustees discredited Dr. Aguiar's
16 opinion on the ground that Plaintiff first consulted Dr. Aguiar in February 2002.  Dkt. #79
17 Ex. Q.  Plaintiff argues that the Trustees failed to fully and fairly develop the record because
18 they made no attempt to contact Dr. Aguiar regarding her opinion or to obtain copies of the
19 medical notes and records referenced in her statement, which included records and notes
20 from Plaintiff's Social Security Administration file and from Plaintiff's primary care
21 physician who treated Plaintiff from 1982 to 1997.  Dkt. ##36 at 6-7, 62 at 8.  Plaintiff states
22 that he did not submit this additional medical evidence on appeal because the Trustees did
23 not inform him that his claim was lacking in that regard.  Dkt. #36 at 8.  Plaintiff must be
24 given an opportunity to present this additional medical evidence.  *See Abatie*, 2006 WL
25 2347660, at *14 ("We follow the Sixth Circuit in holding that, when an administrator has
26 engaged in a procedural irregularity that has affected the administrative review, the district
27 court should 'reconsider the denial of benefits after the plan participant has been given an
28 opportunity to submit additional evidence.'") (quoting *VanderKlok v. Provident Life &*

- 10 -

*Accident Ins. Co.*, 956 F.2d 610, 617 (6th Cir. 1992) (alterations omitted)).

**V.     Trial.**

Trial in this matter will be to the Court. *See Blau*, 748 F.2d at 1357 (stating that there is no "independent constitutional or statutory right to jury trial in ERISA actions"); *Thomas v. Oregon Fruit Prods.*, 228 F.3d 991, 996 (9th Cir. 2000) (holding that "plan participants and beneficiaries are not entitled to jury trials for claims brought under . . . ERISA"). The trial will be based on the evidence in the administrative record, any additional medical evidence Plaintiff presents in support of his claim, and any evidence the parties present regarding the conflict of interest issue. On or before **October 13, 2006**, Plaintiff shall submit any additional evidence and shall file a memorandum, not to exceed ten pages in length, setting forth his view of the evidence and why it should result in a finding that the Trustees abused their discretion in deciding his claim. Defendants shall submit any additional evidence and file a response memorandum, not to exceed ten pages, by **October 27, 2006**. Plaintiff may file a reply memorandum, not to exceed five pages, by **November 3, 2006**. After briefing is complete, the Court will issue an order setting forth its findings of facts and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

**IT IS ORDERED:**

1. The parties' motions for summary judgment (Dkt. ##31, 36) are **denied**.
2. The Court will conduct a bench trial in this matter as set forth above.

DATED this 14th day of September, 2006.

_____
David G. Campbell
United States District Judge